875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Ned Garrett SHURE, Defendant-Appellant
 No. 88-1899.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ned G. Shure appeals from an order from United States District Court for the Eastern District of Michigan denying his motion to correct his sentence entered in the court's order of Judgment and Commitment. For the reasons stated below, we affirm.
 
 
 2
 On March 28, 1984 Ned Shure and his brother, Fred Shure, appeared before the district court for sentencing. Each had pled guilty to identical charges of two counts of conspiracy to distribute marijuana, 21 U.S.C. Sec. 846, and one count of attempting to evade income tax, 26 U.S.C. Sec. 7201. When the court sentenced Ned Shure it stated:
 
 
 3
 The first sentence is for the violation of Section 218, Title 21, Section 846, 83 CR 70029 AA. I am going to sentence you, Mr. Shure, to the custody of the Attorney General for a period of seven years.
 
 
 4
 I am going to impose a fine on you of $125,000.
 
 
 5
 The second sentence is for violation of Section 21, or Title it would be, Section 846, 83 CR 70032-1. I am going to sentence you to the custody of the Attorney General for a period of seven years and impose a fine on you of $125,000.
 
 
 6
 And the third sentence is for violation of 83 CR 70017 AA. I am going to sentence you to the, a violation of article, of Title 26 Section 7201. I am going to sentence you to the custody of the Attorney General for a period of five years and impose a fine on you of $10,000, and I am going to direct that each of these sentences run concurrent with one another; concurrent, not consecutive.
 
 
 7
 The court then sentenced Fred Shure in a like manner. Indeed, the sentences the brothers received were identical except for the court's concluding statements following each.
 
 
 8
 At the conclusion of Ned Shure's sentence, the court stated that it was "going to direct that each of these sentences run concurrent with one another; concurrent, not consecutive." At the conclusion of Fred Shure's sentence, the court stated that it was "going to make the prison time run--direct that the prison time run concurrent with one another, not consecutive."
 
 
 9
 The district court filed the written Judgment and Commitment Orders for each defendant on March 30, 1984. The written orders contained handwritten corrections by the court which specifically provided that the periods of incarceration were to run concurrently. The written orders make clear that the fines are not to be concurrent.
 
 
 10
 On June 23, 1988, Ned Shure filed a motion with the district court requesting the court to correct the written orders of Judgment and Commitment so as to reflect the oral pronouncement of his sentence. In response, the court issued an order denying the motion on August 12, 1988.
 
 
 11
 The district court noted that in Gaddis v. United States, 280 F.2d 334 (6th Cir.1960) this Court held that ambiguities in a sentence are resolved in favor of the defendant. The court asserted, however, that Gaddis was no longer controlling because the Sixth Circuit had deviated from it in United States v. Reginald Gary Davis, No. 87-1969 (6th Cir. June 24, 1988). In that case this Court relied upon the Tenth Circuit's decision in United States v. Villano, 816 F.2d 1448 (10th Cir.1987), in order to uphold the sentence of a convicted drug dealer. The district court denied Shure's motion and this appeal followed.
 
 
 12
 Ned Shure here argues that he must receive the sentence that was pronounced by the district court in his presence. Shure asserts that this sentence unambiguously stated that the fine components of the sentence were to run concurrently. Finally, Shure argues that Gaddis remains the controlling authority in this circuit since Davis and Villano do not apply.
 
 
 13
 Shure's arguments are without merit. The court in Davis specifically relied upon the Tenth Circuit's opinion in United States v. Villano, 816 F.2d 1448 (10th Cir.1987). In Villano the court held that "[w]hen an orally pronounced sentence is ambiguous ... the judgment and commitment order is evidence which may be used to determine the intended sentence." Id. at 1451 (citation omitted). When applied to the present case this rule clarifies the sentence imposed on Ned Shure. The district court's written orders of Judgment and Commitment provide that only Shure's prison sentences are to run concurrently, not his fines.
 
 
 14
 Even if, as Shure suggests, Davis is not good authority in this Circuit, his argument would still fail. In United States v. Schultz, 855 F.2d 1217 (6th Cir.1988), this Court upheld the conviction of Leonard Schultz who was found guilty of conspiracy to distribute cocaine, unlawful use of a communication facility, and interstate travel in aid of racketeering. The court sustained Schultz's conviction against challenges of insufficient evidence, unlawful subpoena of records, improper jury instructions and prosecutorial misconduct. Schultz also challenged his sentence alleging
 
 
 15
 that an inconsistency exists between the fine imposed on Counts One and Two at oral sentencing and the written judgment and commitment order entered the next day. Because of this, he argues that the judgment and commitment order must be modified so that the two $250,000 fines "run concurrently," thus totalling only $250,000. Schultz bases this argument on the long line of cases that hold that when an oral sentence conflicts with the written sentence, the oral sentence controls.
 
 
 16
 Schultz at 1225 (citation omitted).
 
 
 17
 The court found "no merit to his argument." Id. It found that "[a] close reading of the oral sentence reveals that the judge expressly limited the concurrent part of the sentence to the '[c]ustody sentence.' " Id. The court asserted that there was no ambiguity but that "if there is any ambiguity, it can be resolved by looking at the written judgment ..." Id. The court refused to modify the written judgment.
 
 
 18
 The applicability of Schultz to the present case is clear. The district court's written orders of Judgment and Commitment make clear that only the incarceration portion of Shure's sentence is to run concurrently. The fines imposed on Shure are separate and distinct and each must be paid individually in its entirety.
 
 
 19
 The judgment of the district court is affirmed.