*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0200p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 06-3419

GEORGE W. PENSON, III,

*Defendant-Appellant.*

>

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 03-00193—Donald C. Nugent, District Judge.

Submitted: March 3, 2008

Decided and Filed: May 27, 2008

Before: MOORE and COLE, Circuit Judges; WISEMAN, District Judge.[*]

---

## COUNSEL

**ON BRIEF:** Vanessa Faye Malone, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for Appellant. Gary D. Arbeznik, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

---

## OPINION

---

KAREN NELSON MOORE, Circuit Judge. The instant case presents this court with a particularly troubling example of a procedurally unreasonable sentence that also exceeds the statutory-maximum sentence. George Washington Penson, III ("Penson") appeals his sentence and the judgment entered by the United States District Court for the Northern District of Ohio. For the reasons explained below, we **VACATE** the judgment of the district court and **REMAND** for resentencing.

### I. FACTS AND PROCEDURE

On May 6, 2003, an indictment charged Penson with one count of unarmed bank robbery in violation of 18 U.S.C. § 2113(a) and two counts of armed bank robbery in violation of 18 U.S.C.

---

[*] The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

§§ 2113(a) and 2113(d). The facts surrounding Penson's crimes are set forth in our prior panel opinion, *United States v. Penson*, 141 F. App'x 406, 407-09 (6th Cir. 2005) (unpublished opinion). After a two-day trial, the jury returned guilty verdicts with respect to all three counts of bank robbery.

The Presentence Investigation Report ("PSR") recommended a total offense level of thirty-six. The base offense level was twenty for each count. U.S.S.G. § 2B3.1(b)(1). The PSR recommended several increases pursuant to U.S.S.G. §§ 2B3.1(b), 3B1.1(c), and 3C1.1(A), resulting in a recommended offense level of twenty-nine respecting count one, of thirty-one respecting count two, and of thirty-three respecting count three. Pursuant to U.S.S.G. § 3D1.4, the PSR added a three-point increase to the greatest adjusted offense level for a total offense level of thirty-six. Based on a total offense level of thirty-six and a criminal history category of five, the PSR calculated the then-mandatory guideline range of 292 to 365 months.

On April 1, 2004 the United States District Court for the Northern District of Ohio sentenced Penson to a term of imprisonment of 365 months for these offenses. Penson filed a timely notice of appeal.

While Penson's case was pending on appeal, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), and upon agreement of the parties, we remanded for resentencing in light of *Booker*. *Penson*, 141 F. App'x at 411-12. The new sentencing hearing began on February 8, 2006 and continued on February 10. At the sentencing hearing on February 8, Penson's counsel argued for an offense level of twenty-two for count one and for an offense level of twenty-eight for counts two and three. The district court disagreed and stated "that my finding of a Total Offense Level of 36 is consistent with what all the facts and circumstances are in the case." Joint Appendix ("J.A.") at 227-28 (2/8/06 Tr. at 10-11).

At the sentencing hearing on February 10, 2006, the district court orally sentenced Penson to imprisonment "on each count for a period of 310 months for each count to run concurrently." J.A. at 244 (2/10/06 Tr. at 9). On February 23, 2006, the district court issued a judgment amending the pre-remand judgment of April 2004. The judgment sentenced Penson to a total term of imprisonment of 310 months, comprised of "240 months on Counts Two and Three to run concurrent and 70 months on Count One to run consecutive." J.A. at 53 (Am. J. at 3).

## II. ANALYSIS

### A. Sentencing Discrepancies

The district court's oral sentence pronounced at the sentencing hearing differed from the sentence set forth in the written judgment. "[W]hen an oral sentence conflicts with the written sentence, the oral sentence controls." *United States v. Schultz*, 855 F.2d 1217, 1225 (6th Cir. 1988). "When an orally pronounced sentence is ambiguous, however, the judgment and commitment order is evidence which may be used to determine the intended sentence." *United States v. Villano*, 816 F.2d 1448, 1451 (10th Cir. 1987) (en banc), *quoted in United States v. Brown*, 47 F. App'x 305, 315 (6th Cir. 2002) (unpublished), *cert. denied*, 537 U.S. 1138 (2003) *and United States v. Shure*, No. 88-1899, 1989 WL 49837, at *2 (6th Cir. May 12, 1989) (unpublished); *see also Sasser v. United States*, 352 F.2d 796, 797 (6th Cir. 1965) (noting that "it is true that the pronouncement of sentence represents the judgment of the court and that the order of judgment is merely evidence of the sentence"), *cert. denied*, 385 U.S. 883 (1966). The reason for the primacy of the oral sentence lies in the fact that "[a] defendant is present only when being sentenced from the bench." *Villano*, 816 F.2d at 1452. Because criminal punishment "affects the most fundamental human rights . . . [s]entencing should be conducted with the judge and defendant facing one another and not in secret." *Id.*

The government argues that the written judgment resolved an ambiguity in the oral sentence. We disagree. The oral sentence contained no ambiguity; the district court clearly sentenced Penson to three concurrent terms of imprisonment of 310 months each. In direct conflict with the oral sentence, the written judgment sentenced Penson to two concurrent terms of 240 months each and one consecutive term of seventy months. The clarity of the oral sentence and the conflict with the written judgment means that we must consider the oral sentence as controlling on appeal. In *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir.), *cert. denied*, 532 U.S. 952 (2001), we stated that the district court's failure to mention a supervised-release term at the sentencing hearing constituted only harmless error corrected the same day by the written judgment. Our opinion in *Cofield*, however, held that the district court could so correct a misstatement only when it related to "'a portion of the sentence that was neither discussed nor disputed by the parties.'" *Id.* (quoting *United States v. Jolly*, 129 F.3d 287, 289 (2d Cir. 1997)). In this case, because the defendant and government had disputed the total offense level, the district court's mistake at the oral sentencing was not harmless and could not later be corrected.

In the circumstances of this case, we would treat the written judgment as controlling only if it were to have validly modified the oral sentence. Title 18 U.S.C. § 3582(c)(1)(B) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Because the two statutes permitting such a modification—28 U.S.C. §§ 2106 and 2255—are here inapplicable, the district court had jurisdiction to modify the sentence only if permitted by Rule 35. *See United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005) (unpublished), *cert. denied*, 546 U.S. 953 (2005). Rule 35 provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). "Sentencing" is defined as "the oral announcement of the sentence." FED. R. CRIM. P. 35(c). In this case, the district court issued the written judgment on February 23, more than seven days after the delivery of the oral sentence on February 10. Therefore, we are precluded from considering the written judgment pursuant to Rule 35 to have corrected any arithmetical mistake by the district court in delivering the oral sentence.

The district court also lacked authority pursuant to Federal Rule of Criminal Procedure 36 to use the written judgment to modify the oral sentence. Rule 36 provides that after giving appropriate notice, the sentencing "court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. "A clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (quotation omitted). "Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court." *Id.* (citing 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, *Fed. Prac. & Proc.* § 611 (3d ed. 2004)). Sentencing Penson orally to three concurrent terms of 310 months, when the written judgment suggests that the district court likely intended to sentence him to two concurrent terms of 240 months and one consecutive term of 70 months, does not constitute a clerical, mechanical error of the sort a clerk might make. The district court did not have authority pursuant to either Rule 35 or Rule 36 to use the written judgment to correct the mistake in the oral sentence. Consequently, we must treat the oral sentence as controlling on appeal.

## B. Unlawful Sentence

As we explained above, the district court did not have authority under either Federal Rule of Criminal Procedure 35 or Rule 36 to correct any mistake in the oral sentence via the written judgment and, therefore, the oral sentence is controlling on appeal. The statutory-maximum sentence for a violation of 18 U.S.C. § 2113(a) is twenty years, i.e., 240 months, and for a violation of § 2113(d) is twenty-five years, i.e., 300 months. 18 U.S.C. §§ 2113(a), (d). Thus, in orally

sentencing Penson to concurrent terms of 310 months imprisonment for each of the three counts of bank robbery, the district court exceeded its statutory authority and pronounced an unlawful sentence.[1] We must vacate Penson's sentence and remand for resentencing on this ground alone. *United States v. Sims*, 975 F.2d 1225, 1241 (6th Cir. 1992) (holding that when a "sentence[] exceed[s] the statutory maximum sentence . . . we will vacate the excessive sentence[] and remand for resentencing").

## C. Reasonableness Review

Unfortunately, the circumstances of this case give us additional grounds to remand for resentencing. Besides constituting an unlawful sentence in violation of the district court's statutory authority, the district court's oral sentence failed to meet the minimum requirements of procedural reasonableness. The district court's responsibility at sentencing is "to 'impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth' in the § 3553(a)(2) factors." *United States v. Buchanan*, 449 F.3d 731, 734 (6th Cir. 2006) (quoting 18 U.S.C. § 3553(a)), *cert. denied*, --- U.S. ---, 127 S. Ct. 3046 (2007). "The court need not recite the[] factors [listed in 18 U.S.C. § 3553(a)] but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review." *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005).

"[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" *Gall v. United States*, --- U.S. ---, 128 S. Ct. 586, 594 (2007). "Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." *Id.* at 597. This review entails a two-step process. The appellate court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* "Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

In *United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008) (en banc), this court sitting en banc bifurcated the procedural burden carried by defendants who seek to raise claims on appeal that their sentences were procedurally or substantively unreasonable. The majority held that while defendants do not need to raise the claim of substantive unreasonableness before the district court to preserve the claim for appeal, defendants must do so with respect to claims of procedural unreasonableness. Specifically, "if a sentencing judge asks th[e] question [whether there are any objections not previously raised, in compliance with the procedural rule set forth in *United States v. Bostic*, 371 F.3d 865 (2004)] and if the relevant party does not object, then plain-error review applies on appeal to those arguments not preserved in the district court." *Vonner*, 516 F.3d at 385. Plain-error review does not apply in this case, however, because the district court did not ask the *Bostic* question. *See United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007). The district court cursorily referenced

---

[1] We note that the district court's written judgment sentencing Penson to two concurrent 240-month terms of imprisonment on the two counts of armed bank robbery and one consecutive 70-month term of imprisonment on the single count of unarmed bank robbery, if it were controlling, would not have exceeded the district court's statutory authority. Furthermore, even though the total term of imprisonment under the written judgment would exceed the statutory maximum for any of Penson's individual offenses, the judgment would nevertheless comply with the ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The written judgment would not have violated Penson's Sixth Amendment rights because it would not have exceeded the statutory maximum for any of Penson's individual offenses. *United States v. Jeross*, --- F.3d ---, Nos. 06-2257, 06-2502, 2008 WL 906207, at *14 (6th Cir. 2008). The validity of the written judgment, however, is not at issue in this case because the oral sentence is controlling.

*Booker* and the government's position and then proceeded to sentence Penson without ever giving Penson's counsel an opportunity to make further arguments or objections. Therefore, we proceed to analyze the procedural reasonableness of Penson's sentence under an abuse-of-discretion standard.

In *United States v. Bolds*, 511 F.3d 568 (6th Cir. 2007), we explained the three steps involved in procedural-reasonableness review. "First, we must ensure that the district court 'correctly calculat[ed] the applicable Guidelines range' which are 'the starting point and initial benchmark' of its sentencing analysis." *Id.* at 579 (quoting *Gall*, 128 S. Ct. at 596) (footnote omitted). "[O]ur second task is to ensure that the district judge gave 'both parties the opportunity to argue for whatever sentence they deem appropriate' and then 'considered all of the § 3553(a) factors to determine whether they support the sentence requested by [each] party.'" *Id.* at 579-80 (quoting *Gall*, 128 S. Ct. at 596). "[O]ur final task is to ensure that the district court has "adequately explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* at 580 (quoting *Gall*, 128 S. Ct. at 597).

While the district court correctly calculated the Guidelines range, it neither gave the defense counsel an opportunity to advocate for a particular sentence, nor considered the § 3553(a) factors, nor explained the basis for the sentence selected. On the second day of the resentencing hearing, the district court reiterated its conclusion from the first day of the hearing that the total offense level should be thirty-six.[2] The district court then asked Penson: "Now, is there anything that you'd like to say on your behalf, George?" J.A. at 239 (2/10/06 Tr. at 4). The district court never satisfied its obligation under *Gall*, 128 S. Ct. at 596, to give Penson's counsel an opportunity to advocate for a particular sentence.

Beyond mentioning casually and generally on the first day of the sentencing hearing that it could apply the § 3553(a) factors, the district court never verbalized which of these factors were particularly important to the circumstances of this case or how it selected the sentence in light of these factors. Indeed, the district court did not again make any mention of § 3553(a) or the factors listed therein and, thus, left us no record on review showing that it considered the § 3553(a) factors.

Finally, the district court provided virtually no explanation giving insight into the reasons for the specific sentence given. The court gave the government, *but not Penson's counsel*, an opportunity to advocate for a sentence. The government argued that the court should sentence Penson to the same 365-month term of imprisonment previously imposed. Then the district court stated:

> George, you presented a couple of things to me here. Maybe you turned the corner. There is not much I can do for you. I think a sentence within the guideline range is appropriate, but I also think that you're demonstrating some type of either acceptance of responsibility or something that would be a positive thing. . . . I believe you've realized you've got a problem.

---

[2] Although Penson has not raised this argument on appeal, we also note that the district court has not adequately complied with Federal Rule of Criminal Procedure 32(i)(3). Rule 32(i)(3) mandates that the district court "must–for any disputed portion of the presentence report or other controverted matter–rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." FED. R. CRIM. P. 32(i)(3). "Once the defendant calls the matter to the court's attention, the 'court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence.'" *United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007)(citation omitted). While Penson's counsel objected at the sentencing hearing to many of the increases in the offense levels for each count, the district court did not rule on the controverted portion of the PSR but rather summarily adopted the PSR's recommendation that the offense level was thirty-six.

> So, instead of 365 months, I'm going to place you in the custody of the Bureau of Prisons on each count for a period of 310 months for each count to run concurrently; and you're to pay a special assessment of $300, due and payable today."

J.A. at 243-44 (2/10/06 Tr. at 8-9). The district court's statement was inadequate to explain why it considered a sentence within the Guidelines range appropriate. The district court did no more than to state that Penson's acceptance of responsibility justified lowering his sentence from the previous judgment sentencing Penson to 365 months.

In conclusion, we are compelled under *Gall* and *Bolds* to hold that Penson's sentence did not meet the minimum standards for procedural reasonableness. The district court did not give the defense counsel an opportunity to argue for a particular sentence, did not consider the § 3553(a) factors, and did not adequately explain the basis for the sentence selected. The lack of procedure showed a dearth of appreciation for the gravity of sentencing a defendant to nearly twenty-six years in prison.[3]

We also note that although the district judge recognized that the Guidelines "are advisory," he then stated that "the Guidelines set a range, and then I will determine what the Total Offense Level is and Criminal History Category and then whatever range there is there, then I can apply 3553 *to that* to determine what sentence would be fair and reasonable." J.A. at 220 (2/8/06 Tr. at 3) (emphasis added). This statement suggests the possibility that the district judge may have thought that he needed to choose a sentence within the Guidelines range, as guided by the factors set forth in § 3553(a). To the extent that the district judge viewed his discretion as so constrained, any such understanding would have compounded a violation of *Booker*. 543 U.S. at 259 (severing and excising the provision of the Sentencing Reform Act of 1984 making the Sentencing Guidelines mandatory).

### III. CONCLUSION

For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** for resentencing.

---

[3] Furthermore, the sentencing proceedings lacked the dignity important to maintaining the authority of the district courts and our criminal-justice process. In particular, the district court repeatedly and inappropriately referred to the defendant by his first name.