NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0635n.06

No. 11-3985

| | |
|---|---|
| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | **FILED**<br>**Jun 19, 2012**<br>LEONARD GREEN, Clerk |

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff-Appellee,      )       ON APPEAL FROM THE UNITED
                                )       STATES DISTRICT COURT FOR
v.                               )       THE SOUTHERN DISTRICT OF
                                )       OHIO
YOUNG KO,                        )
                                )
        Defendant-Appellant.     )

Before:  MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Young Ko, who is represented by counsel, appeals his conviction for conspiracy to distribute and possess with intent to distribute over 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Ko pleaded guilty to violating sections 841(a)(1) and 846,  and was sentenced to thirty-six months of imprisonment, to be followed by three years of supervised release.  Ko filed a timely appeal from the district court's judgment.

Ko's counsel has moved to withdraw his representation and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  After reviewing the record, counsel concluded that there were no meritorious grounds for appeal, but nonetheless discussed whether Ko's guilty plea was valid, whether his sentence was reasonable, whether he was denied effective assistance of counsel, and whether his judgment contained a clerical error.  Ko was notified of his right to respond to counsel's *Anders* brief, but has failed to do so.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Counsel filed an acceptable *Anders* brief. *See Anders*, 386 U.S. at 744. Counsel indicated that he carefully reviewed the entire record, raised the only issues deemed arguable, and properly concluded that those issues would not support an appeal.

A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently. *Brady v. United States*, 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969). The validity of a guilty plea is assessed by reviewing the totality of the circumstances surrounding the plea. *Brady*, 397 U.S. at 749. To be valid, a guilty plea must reflect "sufficient awareness of the relevant circumstances and likely consequences" of the plea. *Id.* at 748.

Ko's guilty plea was knowingly, voluntarily, and intelligently entered. During the plea hearing, the district court, complying with Federal Rule of Criminal Procedure 11, explained to Ko the significance of his guilty plea and the constitutional rights that he would be waiving. Ko stated that he understood his rights and the effect of the plea in waiving those rights. The district court also informed Ko of the collateral consequences that his guilty plea carried, and Ko indicated that he understood those consequences. The government summarized count one of the superseding indictment, and the district court discussed the elements of the crime that the government would be required to prove beyond a reasonable doubt if the case were to go to trial. Ko stated that he understood the charge. The district court advised Ko of the minimum and maximum penalties that could be imposed for the charge that he faced, including imprisonment, supervised release, fine, and special assessment. Ko stated that he understood those penalties.

The district court indicated that the advisory sentencing guidelines play a role in sentencing, and inquired whether Ko had discussed with his attorney how the advisory sentencing guidelines may apply in his case. Ko indicated that he had discussed the sentencing guidelines with his attorney. The government set forth the essential terms of Ko's plea agreement. Afterwards, Ko expressed his agreement with the government's recitation of those terms.

Ko confirmed that he had ample time to discuss his case and his decision to plead guilty with his attorney and that he was satisfied with counsel's advice. He stated that he was not under the influence of any prescription medication, narcotic drugs, or alcohol that would affect his clarity of

thought. Ko stated that he understood his criminal proceedings. Ko also indicated that his guilty plea was voluntary and not the result of any threats, promises, or mental or physical coercion. A Drug Enforcement Administration special agent testified regarding the factual basis of Ko's case and Ko stated that the facts, as stated by the agent, were accurate. Thus, under the totality of the circumstances, the record reflects that Ko entered a valid guilty plea. *See Brady*, 397 U.S. at 748–49; *Boykin*, 395 U.S. at 242–44.

We review a district court's sentence for reasonableness. *United States v. Lanning*, 633 F.3d 469, 473 (6th Cir. 2011). Reasonableness review has both a procedural and a substantive component. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Lanning*, 633 F.3d at 473. When reviewing a district court's sentence, we must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. Any procedural challenge is subject to plain error review because the district court asked defense counsel if he had any objections to the sentence imposed, and counsel stated that he did not. *See Lanning*, 633 F.3d at 473.

"Assuming that the district court's sentencing decision is procedurally sound, [we] should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. We may apply a rebuttable presumption of reasonableness to a sentence that falls "within a properly-calculated Guidelines range." *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009).

Based upon calculations contained in Ko's presentence report, the sentencing guidelines initially recommended a range of seventy to eighty-seven months of imprisonment. At the sentencing hearing, the district court entertained Ko's objection to the probation officer's failure to apply a minor role offense level reduction suggested by the government in Ko's plea agreement. The district court sustained Ko's objection and reduced his offense level by four levels. The district court also granted the government's motion for a downward departure pursuant to section 3553(e) and

USSG § 5K1.1, based upon Ko's cooperation and assistance to the government. This decision resulted in another four level reduction in Ko's offense level. As a result of the district court's rulings, Ko received a recommended sentencing range of thirty to thirty-seven months of imprisonment.

The district court recognized the advisory nature of the federal sentencing guidelines, considered the factors set forth in section 3553(a), and examined all the relevant information presented. The district court considered the seriousness of Ko's offense; the nature and circumstances surrounding that offense; Ko's personal background; whether the sentence imposed would promote respect for the law; the appropriate punishment for Ko; the deterrent effect of the sentence imposed; the need to protect the public; the need to afford Ko medical treatment, educational opportunities, vocational opportunities, and rehabilitation; the recommended sentencing range under the advisory guidelines; and the avoidance of unwarranted sentence disparities. In addition, Ko's sentence fell within the advisory sentencing guidelines range as calculated by the district court at sentencing and is thus entitled to a presumption of reasonableness. *Lapsins*, 570 F.3d at 772. There is nothing in the record that rebuts this presumption.

We decline to consider Ko's claim that trial counsel was ineffective. Claims of ineffective assistance of counsel are generally disfavored on direct appeal and are more appropriately brought by filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct a sentence. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Johnson*, 553 F.3d 990, 999 (6th Cir. 2009). Ko's ineffective assistance of counsel claim is premature at this stage of the proceeding.

A district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Courts have "consistently interpreted [the rule] as dealing only with clerical errors, not with mistakes or omissions by the court." *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (citation omitted). Unambiguous oral pronouncements control over written entries. *Id.* at 334. "Rule 36 authorizes a court to correct only clerical errors in the transcription of judgments, not to

effectuate its unexpressed intentions at the time of sentencing." *United States v. Carr*, 421 F.3d 425, 432–33 (6th Cir. 2005) (citation omitted).

During the plea hearing, the government orally moved "to dismiss all counts pertaining to Mr. Young Ko with the exception of Count 1". The district court granted the government's motion. However, the written judgment indicates that Ko "pleaded guilty to count one (1), of the Superseding Indictment" and that "Counts three (3) and four (4) of the Indictment are dismissed." Ko was actually charged in nine counts of the superseding indictment. After his guilty plea to count one was accepted, eight counts remained. The district court granted the government's oral motion to dismiss those eight remaining counts, but the judgment fails to reflect the district court's oral ruling. This is a clerical error that may be corrected at any time. *See* Fed. R. Crim. P. 36. Because the oral pronouncement of the court controls, we will remand this case for correction of the written judgment to conform with the district court's oral ruling that all remaining counts of the superseding indictment against Ko be dismissed upon his guilty plea to count one.

We have thoroughly reviewed the record in this case and discovered no error warranting reversal of the district court's judgment. Because our independent review of the record confirms counsel's conclusion that there are no issues of arguable merit present in Ko's appeal, we grant counsel's motion to withdraw, affirm the district court's judgment, and remand this case for the sole purpose of correcting the clerical error in the judgment.