NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0440n.06

No. 12-5548

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Apr 30, 2013**
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| JOHN PATRICK EDWARDS, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  MARTIN and COOK, Circuit Judges; GRAHAM, District Judge.[*]

PER CURIAM.  John Patrick Edwards, a former law enforcement officer, pleaded guilty to obstructing the investigation of a drug trafficking conspiracy, in violation of 18 U.S.C. § 1512(c)(2). The district court determined that, based on a total offense level of thirty-one and a criminal history category of I, Edwards's advisory sentencing guidelines range was 108 to 135 months of imprisonment.  The court varied upward from the sentencing guidelines range, however, and sentenced Edwards to 220 months of imprisonment.

On appeal, Edwards argues that his sentence is procedurally unreasonable because the district court failed to rule on his objection to the conclusion in the presentence report that the conspiracy involved at least fifty kilograms of cocaine, failed to reference the calculations used to determine his

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

guidelines range of imprisonment, and failed to adequately explain the basis for the upward variance. Edwards argues that his sentence is substantively unreasonable because the district court based the upward variance on several factors that were adequately accounted for by the guidelines and improperly considered a case that was unlike his when considering the need to avoid unwarranted sentencing disparities.

Because Edwards failed to raise the procedural issues at the conclusion of the sentencing hearing when given the opportunity to do so by the district court, we review those claims for plain error. *See United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008). We review the substantive reasonableness of Edwards's sentence using an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of [18 U.S.C.] § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (citation and internal quotation marks omitted). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Id.* at 510 (citation, internal quotation marks, and alterations omitted).

The district court did not commit plain procedural error in imposing Edwards's sentence. The court explicitly overruled Edwards's objection to the amount of cocaine attributed to the conspiracy in the presentence report after hearing testimony from a special agent that the conspiracy involved well over fifty kilograms of cocaine. Further, the court explicitly referenced Edwards's

total offense level and criminal history category as calculated in the presentence report and recognized the resulting advisory sentencing guidelines range of 108 to 135 months of imprisonment. In addition, the court adequately explained that it varied upward from the guidelines range based on the nature and sophistication of the drug conspiracy, the fact that Edwards violated the highly confidential process related to wiretaps, and the fact that Edwards knowingly put numerous individuals in serious danger for monetary gain.

Edwards's sentence is also substantively reasonable. The district court's stated reasons for imposing an above-guidelines sentence were based on facts specific to Edwards's case that were not inherent in his offense or otherwise accounted for by the sentencing guidelines. Further, in determining Edwards's sentence, it was reasonable for the district court to consider the sentence it imposed in a comparable case involving a major drug operation even though that case also involved an individual being killed.

We affirm the district court's judgment.