NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0577n.06

No. 13-4118

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 30, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| MARC S. EASTON, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: COOK and GRIFFIN, Circuit Judges; RICE, District Judge.[*]

PER CURIAM. Marc S. Easton appeals the 188-month sentence imposed following his guilty plea to a charge of bank robbery. We affirm.

At the sentencing hearing, the district court calculated a sentencing guidelines range of 151 to 188 months because Easton is a career offender. A sentence at the top of the range was imposed. On appeal, Easton argues that his sentence is unreasonable because the district court failed to consider the relevant sentencing factors and articulate the reasons for the sentence imposed.

We review a criminal sentence for procedural and substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence within the guidelines range is entitled to a presumption of substantive reasonableness. *United States v. Lapsins*, 570 F.3d 758, 774 (6th Cir. 2009). Where a sentence is within the guidelines range, no

---

[*]The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

lengthy explanation of the sentence is required, as long as the record makes clear that the parties' arguments were considered. *Id.*

Easton argues that the district court made only a conclusory reference to the sentencing factors, citing *United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007), and that it is not clear which sentencing factors the district court considered to be important, citing *United States v. Penson*, 526 F.3d 331, 338 (6th Cir. 2008). However, review of the transcript of the sentencing hearing reveals that the district court mentioned numerous sentencing factors. Easton's criminal history was discussed. Easton had been released less than one year previously after having been sentenced to 160 months for a series of bank robberies. The district court also placed a great deal of emphasis on the need to protect the public and discussed Easton's medical condition of cystic fibrosis and his age. The court gave Easton a sentence at the top of the guidelines range in order to address his criminal history and his danger to the public, but ran the sentences for violating two periods of supervised release concurrently. Therefore, no abuse of discretion is apparent, and the presumptive reasonableness of this within-guidelines sentence has not been rebutted. The district court's judgment is accordingly affirmed.