**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0149n.06

**No. 18-5415**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| DEUNTA L. FINCH, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

**FILED**
Mar 28, 2019
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

BEFORE: McKEAGUE, GRIFFIN, and NALBANDIAN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Deunta Finch appeals his sentence after a guilty plea. In particular, he claims the district court erred by failing to give him credit for acceptance of responsibility during sentencing and by sentencing him to an allegedly unsupported upward variance. Finding no errors requiring reversal, we affirm.

I.

Defendant is a member of the Athens Park Bloods Gang as well as a crack cocaine dealer and previously convicted felon. He was indicted and charged with two counts of felon in possession of a firearm, 18 U.S.C. § 922(g)(1); Hobbs Act robbery, 18 U.S.C. § 1951; and brandishing or discharging a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii); arising out of two separate shooting incidents. The first shootout underlying the charges involved defendant and his friend Jamarius Hill, as passengers in a moving vehicle, exchanging fire with

the driver of another vehicle over some driving-related disagreement. Defendant was ultimately charged with two counts of felon in possession of a firearm related to this shooting—one for the gun he possessed during the shooting, and one for a different gun that was found in his constructive possession when he was arrested.

In the second shooting, for which defendant was charged with Hobbs Act robbery and discharge of a firearm during a crime of violence, defendant and a rival drug dealer named Geoffrey Mason were siting in the same car when defendant brandished a firearm and attempted to rob Mason of cocaine, crack cocaine, and drug proceeds. The two tussled over the weapon, it discharged, the bullet grazed Mason's thigh, and both fell out of the car. They continued to wrestle for the gun, and defendant ultimately shot Mason in the left knee and pistol-whipped him in the head before taking some of Mason's cocaine and his car.

Before trial, defendant and the government came to a Rule 11(c)(1)(C) plea agreement, whereby defendant would plead guilty to all four charges in exchange for a total sentence of 180 months' imprisonment. Before sentencing, however, the government moved to withdraw from the plea agreement, citing defendant's alleged violent attack on a fellow inmate while awaiting sentencing. The government alleged that defendant beat his cellmate so badly that his cellmate's jaw was broken in two places and he suffered a broken rib. Furthermore, the government alleged that defendant stole some of his cellmate's property during or shortly after the attack. The parties appeared for a hearing on the motion, at which the government presented evidence of defendant's attack. The district court took the government's motion under advisement, but while the motion was pending, defendant elected to simply reenter a plea of guilty to the open indictment, with no agreement relating to his possible sentence.

The presentence investigation report calculated a total offense level of 29, with a corresponding advisory Sentencing Guidelines range of 151 to 188 months for Counts 1, 2, and 4, and a mandatory 120-month sentence for Count 3, the 18 U.S.C. § 924(c) charge, to be served consecutively. This gave defendant a cumulative sentencing range of 271 to 308 months on all convictions. The parties appeared for sentencing, and defendant challenged the presentence investigation report for failing to give him a two-point reduction for acceptance of responsibility. The district court denied defendant's challenge, ruling that defendant's conduct in assaulting and robbing his cellmate while incarcerated pending sentencing sufficiently paralleled his robbery conduct to preclude an acceptance of responsibility adjustment. Ultimately, the district court sentenced defendant to total of 290 months' imprisonment.

II.

Defendant first challenges the district court's denial of an acceptance-of-responsibility reduction. We review a district court's denial of an acceptance-of-responsibility adjustment under USSG § 3E1.1 with "great deference on review," § 3E1.1 cmt. 5, and will reverse that decision only for clear error. *United States v. Genschow*, 645 F.3d 803, 813 (6th Cir. 2011).

Section 3E1.1(a) of the Guidelines provides that the district court should reduce a defendant's offense level by two "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." *See also United States v. Calvetti*, 836 F.3d 654, 670 (6th Cir. 2016). The Application Notes to § 3E1.1 are instructive and provide that appropriate considerations for the district court in making such a determination include "truthfully admitting the conduct comprising the offense(s) of conviction" and "voluntary termination or withdrawal from criminal conduct or associations." § 3E1.1 cmt. 1(A), (B). The latter consideration, we have held, does not apply broadly to all criminal conduct, but rather means only criminal conduct related

to the crime of conviction. *United States v. Morrison*, 983 F.2d 730, 735 (6th Cir. 1993) ("[W]e consider 'voluntary termination or withdrawal from criminal conduct' to refer to that conduct which is related to the underlying offense."). We held that, to be relevant for an acceptance-of-responsibility reduction, the subsequent criminal conduct "may be of the same type as the underlying offense, . . . or may be the motivating force behind the underlying offense, . . . or may be related to actions toward government witnesses concerning the underlying offense, . . . or may involve an otherwise strong link with the underlying offense." *Id*. (emphasis omitted).

Defendant first argues that his open plea to all four charges without a plea agreement is ample evidence of his acceptance of responsibility by itself. This argument is meritless. First of all, "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." USSG § 3E1.1 cmt. 3. Instead, "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction . . . constitute[s] significant evidence of acceptance of responsibility," but may be outweighed by other conduct that is inconsistent with such acceptance of responsibility. *Id*. While defendant is correct that his open plea to the charges is evidence of his acceptance of responsibility, that does not end the relevant inquiry.

Second, defendant argues that the district court erred in considering his "prison fight" because it was unrelated to his offenses of conviction, and the district court failed to "review or apply the *Morrison* standard." This argument does no better. While the district court did not cite *Morrison* in its analysis, it certainly considered the relevant standard, which is whether the subsequent criminal conduct was related to the crimes of conviction. *Morrison*, 983 F.2d at 735. In denying the adjustment, the district court concluded:

> Here, . . . the activity, the assault activity, the theft activity of the defendant so parallels the instant charge in terms of a mindset and in terms of the way the assault

was carried out that I think it clearly is indication of not accepting responsibility. So [defendant's] objection will be overruled.

In other words, the district court specifically considered the relation of the conduct in the prison beating and theft to his Hobbs Act robbery conviction and determined that it was "of the same type as the underlying offense." *Id.* This is explicitly permissible under *Morrison*, and the district court did not err (let alone clearly so) in denying defendant an acceptance-of-responsibility reduction on these grounds.

### III.

Defendant next challenges the procedural reasonableness of his 170-month sentence on his § 924(c) conviction for discharging a firearm during the commission of a felony. Generally, we review sentences for procedural reasonableness "under the deferential abuse-of-discretion standard." *United States v. Lanning*, 633 F.3d 469, 473 (6th Cir. 2011). But "if a sentencing judge asks . . . whether there are any objections not previously raised, in compliance with the procedural rule set forth in *United States v. Bostic*, 371 F.3d 865 ([6th Cir.] 2004)[,] and if the relevant party does not object, then plain-error review applies on appeal to those procedural-reasonableness arguments that were not preserved in the district court." *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008) (brackets omitted). At the end of the hearing the district court twice asked the *Bostic* question—i.e., if there were "any objections or anything else we have to determine at this time"—to which defense counsel responded "[n]one that haven't already been previously entered, Your Honor." Defendant did not "previously enter[]" any challenge to the procedural reasonableness of his sentence. Therefore, defendant forfeited this challenge and may only obtain relief upon a showing of plain error that affects his substantial rights. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc).

Plain-error review is a high bar. Defendant must first present an error that was not intentionally relinquished or abandoned. *United States v. Olano*, 507 U.S. 725, 732–33 (1993). Second, defendant must show that the error was clear or obvious. *Id*. at 734. Third, defendant must show that the error affected his substantial rights, "which in the ordinary case means he or she must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted). Finally, if those three conditions are met, this court "should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted).

At sentencing, the district court pronounced the sentence as follows:

THE COURT: . . . The sentencing guidelines call for a sentence of, let me get this right, 271 to 308 months. Is that correct?

THE PROBATION OFFICER: Your Honor, it is a[,] technically Count Three is not considered under the guidelines. I[t] has to be imposed consecutively and separate.

THE COURT: Yes, I know.

THE PROBATION OFFICER: But in practicality, you are adding 120 months to bottom to top, your math is correct.

THE COURT: I can go under the guidelines. I can go over them too. But I am going to give you a guideline sentence, one that I think reflects the seriousness of the crime and the reason we have to protect people from you. On Counts One, Two and Four, I am going to sentence you to 120 months each concurrent with each other. Consecutive to that sentence of 120 months, I am going to sentence you to 170 months for a total of 290 months. There will be a period of supervised release on Count One, Two and Four of three years and on Count Five [sic: "Three"] of five years all to run concurrent for a total of five years supervised release.

Defendant is correct that the district court apportioned 170 months of his total 290-month sentence to his § 924(c) conviction, which defendant characterizes as an unsupported upward variance, given that the Guidelines sentence for that conviction is 120 months. *See* 18 U.S.C.

§ 924(c)(1)(A)(iii); USSG § 2K2.4(b) ("[I]f the defendant, whether or not convicted of another crime, was convicted of violating [§ 924(c)], the guideline sentence is the minimum term of imprisonment required by statute."). But this immediately followed his discussion of the collective sentence defendant would serve (given the consecutive nature of his felon-in-possession and Hobbs Act robbery sentences to his § 924(c) conviction) and neither party argues that the Guidelines range was improperly scored. In other words, rather than evidence of an unsupported upward departure, the district court engaged in the verbal equivalent of scrivener's error—applying the 170-month Guidelines sentence to Count 3, the § 924(c) conviction, and the 120-month sentence (which is actually a downward departure from the Guidelines range) to defendant's convictions on Counts 1, 2, and 4.

Moreover, here, plain-error review precludes relief. Assuming arguendo that defendant has shown error and that it is clear (the first two prongs of plain error), he cannot prove prejudice. *Molina-Martinez*, 136 S. Ct. at 1343. The district judge's colloquy shows that he correctly scored the Guidelines, he considered the Guidelines range, knew that defendant faced a consecutive sentence for his § 924(c) conviction, and explicitly determined that he would sentence defendant to a Guidelines sentence. Merely transposing the correct sentences from their proper charges does not cause defendant to serve even one extra day in prison, and the total sentence—the proper consideration—was correctly within the cumulative Guidelines range. *Cf. United States v. Rodgers*, 278 F.3d 599, 604 (6th Cir. 2002) (holding that the total sentencing *term*, not the component sentences, matters when determining whether judicial vindictiveness occurred). Given the district court's thorough explanation of the sentences, and the minor nature of this misstep, defendant cannot show any probability (let alone a reasonable one) that the proceedings below would have been meaningfully different absent the error. Furthermore, this minute mistake

certainly doesn't "affect[] the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez*, 136 S. Ct. at 1343 (internal quotation marks omitted). Thus, defendant cannot show plain error.

Finally, it is important to note the district court's detailed consideration of the 18 U.S.C. § 3553(a) factors at sentencing. *See Gall v. United States*, 552 U.S. 38, 51 (2007). While the court did not do so in consideration of an upward variance (because the court did not consider its sentence to be a variance), the court's meticulous reasoning in support of the cumulative sentence given to defendant also thwarts defendant's claim of error. The district court discussed, in depth, nearly all the pertinent considerations listed in § 3553(a), including defendant's criminal background and personal history, § 3553(a)(1); the sentencing goals of rehabilitation, punishment, deterrence, protecting society, and providing defendant with mental-health and drug-abuse services, § 3553(a)(2); and the Sentencing Guidelines and advisory sentence range, § 3553(a)(3), (4). The thorough nature of the district court's reasoning in deciding upon an adequate sentence further undergirds our conclusion that plain error did not occur.

IV.

We affirm the judgment of the district court.