**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0238n.06
**No. 18-5776**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| ROBERT SMITH, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

FILED
May 03, 2019
DEBORAH S. HUNT, Clerk

**BEFORE:**    COLE, Chief Judge; STRANCH and READLER, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**  Robert Smith pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 98 months' imprisonment.  On appeal, he argues that the district court erred in applying a four-level enhancement to his Guidelines offense level for possessing a firearm "in connection with another felony offense."  USSG § 2K2.1(b)(6)(B).  He also argues that the written judgment impermissibly varies from the oral sentence because it does not include a provision that Smith's federal sentence run concurrently to any forthcoming state sentence for related conduct.  For the following reasons, we **AFFIRM** the application of a § 2K2.1(b)(6)(B) enhancement but **REMAND** for the district court to amend the written judgment to conform to the oral sentence.

## I.  BACKGROUND

On February 4, 2017, Memphis police officers responded to a domestic violence call. Smith's girlfriend told the police that Smith had punched her in the face and strangled her,

temporarily stopping her from breathing, during an argument. Police officers arrested and searched Smith, finding eight individually wrapped bags of marijuana (weighing 8.4 grams in total) and a handgun with an obliterated serial number in his pocket. Because Smith had previously been convicted of a felony, he was subsequently charged in federal court with being a felon in possession of a firearm. He was also charged with aggravated assault—a felony—and other crimes in state court in connection with this incident.

Smith subsequently pleaded guilty to being a felon in possession of a firearm. At the sentencing hearing, the parties disputed whether a four-level enhancement under Guideline § 2K2.1(b)(6)(B) applied for using or possessing a firearm "in connection with another felony offense." After hearing argument as well as testimony from one of the police officers involved in Smith's arrest, the district court ruled that it did, citing two separate grounds.

First, the district court concluded that this enhancement applied based on the crime of aggravated assault. Relying on the officer's testimony and the presentence report, the court found that it was more likely than not that Smith had the gun in his pocket while he was strangling his girlfriend.[1] In so doing, it rejected the defense's argument that Smith may have retrieved the gun out of a back room after the physical altercation and before the police arrived. The court also found that possession of the gun "emboldened" Smith to commit this assault because "[h]e knew that if push comes to shove, he ha[d] the ultimate trump card." The court thus found that Smith's possession of the gun was "in connection" with the felony offense of aggravated assault.

---

[1] Although Smith did not admit to committing aggravated assault, as this charge was still pending in state court, he did not dispute the facts stated in the presentence report. On appeal, he refers to the "alleged aggravated assault" but does not argue that the district court erred in finding by the preponderance of evidence that he committed this felony offense. Instead, he argues only that the government did not prove that he "possessed the firearm during the alleged aggravated assault."

Second, the district court determined that this enhancement applied based on the felony offense of possession with intent to distribute marijuana. It found that it was more likely than not that Smith had the intent to distribute the eight bags of marijuana he possessed because, despite weighing only a little over eight grams, these drugs "were packaged for resale." The court did not explain, however, why Smith's possession of the gun was "in connection" with this offense or make any factual findings relating to this nexus.

At sentencing, the district court orally granted Smith credit against his sentence for the time he spent in pre-trial state custody and ran his federal sentence concurrently to "any sentence that may be forthcoming in state court" based on this incident. Yet the written judgment reflects only the former ruling, and not the latter.

## II. ANALYSIS

### A. § 2K2.1(b)(6)(B) Enhancement

This court "review[s] a district court's calculation of the advisory sentencing Guidelines as part of our obligation to determine whether the district court imposed a sentence that is procedurally unreasonable. In doing so, we review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Angel*, 576 F.3d 318, 320 (6th Cir. 2009) (citations and internal quotation marks omitted). We also review deferentially "the district court's determination that the § 2K2.1 enhancement applies in a particular fact situation." *United States v. Taylor*, 648 F.3d 417, 431 (6th Cir. 2011). "A district court should apply the enhancement only if the government establish[es], by a preponderance of the evidence, a nexus between the firearm and an independent felony." *Angel*, 576 F.3d at 321 (alteration in original) (citation and internal quotation marks omitted).

The commentary to the Guidelines Manual states that § 2K2.1(b)(6)(B) applies "if the firearm . . . facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1

comment. (n. 14(A)). "[P]ossession of firearms that is merely coincidental to the underlying felony offense is insufficient to support the application of § 2K2.1." *Angel*, 576 F.3d at 321 (alteration in original) (quoting *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001)). Nevertheless, this enhancement "applies if the firearm had some emboldening role in [a] defendant's felonious conduct." *Id.* (alteration in original) (quoting *Ennenga*, 263 F.3d at 503).

Here, the district court found that Smith possessed the gun at the time he was committing aggravated assault. The court also found that possessing the gun emboldened Smith to commit the assault. Although a different court may not have made the same factual findings, upon our review of the record we are not left with "the definite and firm conviction that a mistake has been committed." *United States v. Myers*, 854 F.3d 341, 357 (6th Cir. 2017) (quoting *United States v. Sosebee*, 419 F.3d 451, 455 (6th Cir. 2005)). The court therefore did not clearly err.

Under our caselaw and deferential standard of review, the district court's factual findings with regard to the assault support the application of a § 2K2.1(b)(6)(B) enhancement. *See Angel*, 576 F.3d at 321–22. Accordingly, we need not reach the alternate ground for affirmance—that Smith possessed a gun in connection with the possession with intent to distribute marijuana.

**B.      Variance Between Oral Sentence and Written Judgment**

It is well established "that when an oral sentence conflicts with the written sentence, the oral sentence controls." *United States v. Schulz*, 855 F.2d 1217, 1225 (6th Cir. 1988). "The reason for the primacy of the oral sentence lies in the fact that '[a] defendant is present only when being sentenced from the bench.'" *United States v. Penson*, 526 F.3d 331, 334 (6th Cir. 2008) (alteration in original) (quoting *United States v. Villano*, 816 F.2d 1448, 1452 (10th Cir. 1987) (en banc)).

In this case, the written judgment conflicts with the oral sentence. The district court stated that Smith's federal sentence would be run concurrently to "any sentence that may be forthcoming in state court" based on this incident. But the order of commitment makes no mention of this

requirement.  The Government nonetheless claims that there is no conflict between this document and the oral sentence, arguing that "Smith has not shown that he was actually subject to any other actual or potential state sentence for the conduct in question."  Smith has no burden to do so; it is sufficient that the presentence report indicates that state charges were pending.  We therefore remand for the district court to issue an amended judgment that conforms to the oral sentence.

### III.   CONCLUSION

For the foregoing reasons, we **AFFIRM** the § 2K2.1(b)(6)(B) enhancement but **REMAND** for the limited purpose of amending the written judgment to conform to the oral sentence.