NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0138n.06

No. 11-1347

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 06, 2012**

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE WESTERN DISTRICT OF |
| TIMOTHY ALLEN GIBBS, | ) MICHIGAN |
| | ) |
| Defendant-Appellant. | ) |

BEFORE:  MARTIN, SUTTON, and BALDOCK, Circuit Judges.[*]

PER CURIAM.  Timothy Allen Gibbs appeals for a third time the district court's sentence imposed in his criminal case.

In 2006, a jury found Gibbs guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The district court determined that, based on Gibbs's total offense level of twenty-four, his criminal history category of VI, and the statutory maximum sentence of 120 months, Gibbs's advisory sentencing guidelines range was 100 to 120 months of imprisonment.  The court sentenced Gibbs to 108 months of imprisonment, to be served consecutively to his pending state court sentence for violating his parole.  The district court also imposed a $3,000 fine.  We affirmed Gibbs's conviction, but remanded the case for resentencing because the district court erroneously stated that it was required to order Gibbs's federal sentence to run consecutively to his state sentence.

_____

[*]The Honorable Bobby R. Baldock, Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

On remand, the district court imposed the same 108 month sentence (with a recommendation that Gibbs receive credit for the three years served in state custody) and the same $3,000 fine. Gibbs appealed this sentence and we again remanded the case for resentencing, concluding that, based on developments in the law subsequent to Gibbs's initial sentencing, his total offense level should be twenty, rather than twenty-four, resulting in an advisory sentencing guidelines range of seventy to eighty-seven months of imprisonment.

On remand, the district court sentenced Gibbs to eighty-seven months of imprisonment, to be followed by three years of supervised release. During the sentencing hearing, the court initially imposed as conditions of Gibbs's supervised release that he register as a sex offender and participate in domestic violence counseling. Upon defense counsel's objection that there was no factual basis for these conditions, the district court retracted them, noting some confusion with other case files. Additionally, during the hearing, the court stated that it was imposing a fine of $300, but the minutes of the hearing and subsequent written judgment reflected a fine of $3,000.

On appeal, Gibbs raises two claims: 1) that the district court's initial imposition of improper conditions of supervised release demonstrates that the court confused him with one or more other defendants, rendering his eighty-seven month sentence procedurally unreasonable; and 2) that the district court erred by imposing a fine of $3,000 after verbally announcing a fine of $300.

To determine whether a sentence is procedurally reasonable, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). We generally review sentences for procedural reasonableness for an abuse of discretion. *Id.*; *United*

*States v. Massey*, 663 F.3d 852, 856 (6th Cir. 2011). However, because Gibbs failed to raise the procedural reasonableness issue at the conclusion of the sentencing hearing when given the opportunity to do so by the district court, we review the claim for plain error. *See United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008). A plain error is an error that is "clear or obvious, that affected [the defendant's] substantial rights, and that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011), *cert. denied*, __ S. Ct. __, 2012 WL 33562 (U.S. Jan. 9, 2012) (No. 11-7354) (internal quotation marks omitted).

The district court's initial confusion over the appropriate terms of Gibbs's supervised release does not establish that it plainly erred in imposing his sentence. The court identified the proper guidelines range and, before imposing sentence, it correctly recited the details of Gibbs's case, including the nature of the charges against him and the case's procedural history. Further, the court specifically incorporated its discussion of the § 3553(a) factors from the previous two sentencing hearings, during which it discussed the serious nature of Gibbs's offense, his extensive criminal record, his family history, the need to protect the public and deter criminal behavior, and the need to provide Gibbs with vocational training and other correctional treatment. The record does not demonstrate that Gibbs's sentence was the result of the district court either confusing him with other defendants, or relying on inaccurate factual information.

The district court also did not err by imposing a $3,000 fine after verbally stating that it was imposing a $300 fine. "[I]f there is a discrepancy between the oral pronouncement of a criminal sentence and the written judgment, the oral sentence generally controls." *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). The general rule does not apply, however, where there is a substantial possibility that the district court misspoke concerning a portion of the sentence that was neither discussed, nor disputed by either party. *Id.* Here, the written judgment controls because there

is a substantial possibility that the district court misspoke in imposing a $300 fine, rather than the $3,000 fine that it had imposed twice before, where the parties did not discuss or dispute the amount of the fine. In any case, the district court validly modified the oral sentence by entering its written judgment within fourteen days of the oral sentence. *See* Fed. R. Crim. P. 35(a); *Penson*, 526 F.3d at 335.

The district court's judgment is affirmed.