NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0057n.06

No. 21-5433

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jan 28, 2022
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,           )
                                     )
        Plaintiff-Appellee,          )
                                     )       ON APPEAL FROM THE UNITED
v.                                   )       STATES DISTRICT COURT FOR
                                     )       THE EASTERN DISTRICT OF
                                     )       TENNESSEE
STEVEN A. HUMPHRIES,                 )
                                     )               OPINION
        Defendant-Appellant.         )

Before: SUTTON, Chief Judge; GUY and DONALD, Circuit Judges.

BERNICE BOUIE DONALD, Circuit Judge. Defendant-Appellant Steven A. Humphries argues that the district court imposed a procedurally unreasonable sentence after he pled guilty to one count of producing child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e) ("Count 1"), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5) ("Count 2"). For the reasons stated below, we AFFIRM.

I.

In October 2018, Humphries' probation officer and other law enforcement officers conducted a warrantless search of Humphries' home and found a waterproof container on his bed containing numerous USB drives and other electronic storage devices. When asked if the items contained any child pornography, Humphries replied, "All of it." An ensuing search of one of the USB drives uncovered over 200,000 images and videos of child pornography, including a deleted

video and clips of Humphries molesting a young girl, A.S., a minor. In the ensuing investigation, it was determined that Humphries engaged in sexually explicit conduct with A.S. (who was six or seven years old at the time) from on or about November 2015 through December 2016, for the purpose of producing child pornography. Law enforcement officers later obtained a state search warrant to examine the rest of the seized items and located more than a thousand additional images and videos of child pornography.

As a result, the government charged Humphries with one count of producing child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Pursuant to a plea agreement, Humphries pleaded guilty to both counts.

At the time of his arrest, Humphries was serving a term of lifetime supervision. In the early 2000s, Humphries was convicted on charges of aggravated sexual battery, sexual exploitation of a minor, and three counts of especially aggravated sexual exploitation of a minor after he was arrested for molesting young girls, engaging in sexual contact with them, and producing material that depicted them engaged in sexual activity. Humphries was sentenced to eight years' imprisonment followed by a lifetime of supervision after his release in February 2010. In December 2017, Humphries agreed to specialized parole conditions for sexual offenders and conditions for his lifetime supervision, which included an express agreement not to "possess any pornographic or sexually explicit material and to allow warrantless searches of his home by his probation officer to ensure [he] was staying true to the agreement."

The district court found Humphries to have a total offense level of 36 and a criminal history category III, resulting in a Guidelines range of 235 months to 293 months. However, the district court also found that the statutory minimum term of imprisonment for Count 1 was 420 months,

and the maximum was life because Humphries had "2 or more prior convictions . . . relating to the sexual exploitation of children." *See* 18 U.S.C. § 2251(a), (e). Given that the statutorily authorized minimum sentence on Count 1 was greater than the maximum applicable Guidelines range, Humphries' Guidelines "range" became 420 months. *See* U.S.S.G. § 5G1.2(b).

At sentencing, Humphries objected that his state criminal convictions should not qualify as predicate offenses for the sentencing enhancement in §§ 2251(a) and (e). The district court disagreed and overruled Humphries' objection to the § 2251 enhancement.

It then weighed the 18 U.S.C. § 3553(a) factors and concluded that "a *guideline sentence of life* is sufficient but not greater than necessary to comply" with the purposes of sentencing. Although the district court referred to the Guideline "range" for Count 1 as both "420 months to life" and just "420 months," it made clear in its statement of reasons that the guideline term of imprisonment is 420 months and that it was granting an upward departure to life because of Humphries' "conduct as a sexual predator, and his committing this offense while on supervision for a similar prior conviction, . . . to ensure public safety and to prevent future offenses by [Humphries]." Accordingly, the district court imposed concurrent sentences of life in prison on Count 1 and 240 months on Count 2—the statutory maximum for each offense—followed by lifetime supervision. Humphries did not state any new objections after his sentence was announced.

Humphries now appeals his sentence.

II.

Generally, this Court reviews a district court's sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *United States v. Bazazpour*, 690 F.3d 796, 803 (6th Cir. 2012). The Supreme Court has provided a non-exhaustive list of potential

procedural errors, including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, Humphries does not challenge the substantive reasonableness of his sentence; rather, he claims that his sentence is procedurally unreasonable because it grossly exceeds the Guidelines sentence for his offense conduct. Appellant Br. at 8, 11. Normally "[w]e review legal conclusions regarding application of the Guidelines de novo and factual findings in applying the Guidelines for clear error." *United States v. Coleman*, 664 F.3d 1047, 1048 (6th Cir. 2012). But because Humphries raises this argument for the first time on appeal and did not make any objections during the district court's *Bostic* inquiry, *see United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), our review is for plain error.[1] *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc).

To establish plain error, Humphries must show "(1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness integrity or public reputation of the judicial proceedings." *Id*. (quotation omitted). Humphries argues that the district court committed plain error when it determined that his Guidelines range was 420 months to life imprisonment, instead of just 420 months, because the statutorily required minimum sentence of 420 months is the Guideline sentence for Count 1. In other words, Humphries contends that the district court improperly created a sentencing "range" where no such range exists. Appellant Br. at 11.

---

[1] Humphries expressly notes that he does not challenge on appeal the district court's use of his prior state convictions to enhance his sentence. Appellant Br. at 11.

As relevant here, § 2251(e) provides that if a "person has 2 or more prior convictions under this chapter . . . or under the laws of any State relating to the sexual exploitation of children, such person shall be . . . imprisoned not less than 35 years nor more than life." 18 U.S.C. § 2251(e). And where, as here, "a statutorily required minimum sentence is greater than the maximum of the applicable guideline range," U.S.S.G. § 5G1.1(b) provides that "*the statutorily required minimum sentence shall be the guideline sentence*." U.S.S.G. § 5G1.1(b) (emphasis added). The commentary to § 5G1.1(b) further provides:

> If the applicable guideline range is 41-51 months and there is a statutorily required minimum sentence of 60 months, the sentence required by the guidelines under subsection (b) is 60 months; a sentence of more than 60 months would be a guideline departure.

USSG § 5G1.1(b) cmt. Therefore, we agree that Humphries' Guideline for Count 1 was 420 months.

We also agree that the district court may have somewhat inartfully referred to the Guideline "range" for Count 1 as "420 months to life," and that it referred to its imposed sentence as a "guideline sentence of life." However, the district court originally—and correctly—stated that "the guideline term of imprisonment is 420 months," and that it was departing upwards from the Guidelines to impose a life sentence.

We previously held that a district court's misstatements or apparent confusion at sentencing do not establish that it plainly erred in imposing a sentence. *See United States v. Gibbs*, 461 F. App'x 419, 421 (6th Cir. 2012) (finding district court did not plainly err when it imposed a $3000 fine after announcing a $300 fine during the sentencing hearing). When there is a substantial possibility the district court misspoke concerning a part of the sentence that is undisputed—as is the case here because Humphries did not state any objections at sentencing—the written judgment controls. *Id.* (citation omitted). Further, a district court may validly modify the oral sentence with

the written sentence when the correction pertains to a portion of the sentence that is not disputed by either party. *Id.* (citing Fed. R. Crim. P. 35(a); *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008)).

Here, there is a substantial possibility that the district court misspoke. The district court's misstatements only appear after the district court announced the correct guideline term and after the district court discussed the facts of the case, including the § 3553(a) factors, at length. The record contains ample evidence that the district court understood the correct application of the Sentencing Guidelines as they related to § 2251(e). For example, the district court correctly noted in its statement of reasons that the Guideline "range" for Count 1 was 420-months to 420-months. It also noted that "[o]ne or more counts of conviction carr[ies] a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term." Given that the district court's statement of reasons was entered only one day after the sentencing hearing, *see Gibbs*, 461 F. App'x at 421, we do not find that the district court's apparent misstatements constitute procedural error and we therefore affirm Humphries' life sentence on Count 1.

We now turn briefly to Count 2. Humphries asserts, vaguely, that the district court plainly erred when it imposed a procedurally unreasonable sentence of 240 months on his conviction under 18 U.S.C. § 2252A. Appellant Br. at 11. He contends that U.S.S.G. §§ 5G1.1(b) and 5G1.2(b) "say that the sentence on [the possession] count must [be] the same as for the production count, as the production count carries a statutorily required minimum sentence." Appellant Br. at 11, n. 2. Humphries is mistaken. Both Count 1 and Count 2 carried statutory minimum sentences—the district court could not impose identical sentences for both counts. *See* U.S.S.G. § 5G1.2(b). The statutory maximum sentence for Humphries' conviction on Count 2 was still 180 months shorter

than the enhanced statutory minimum sentence on Count 1.  *See* 18 U.S.C. § 2251(e); 18 U.S.C. §

2252A(b)(2); U.S.S.G. § 5G1.1(b); U.S.S.G. § 5G1.2(b).

## III.

For the foregoing reasons, we AFFIRM the district court's judgment.