**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 14a0944n.06**

**No. 14-1322**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Dec 22, 2014 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| JESUS VELAZQUEZ-GONZALEZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  COLE, Chief Judge; GRIFFIN, Circuit Judge; CARR, District Judge.[*]

CARR, District Judge.  Jesus Velazquez-Gonzalez appeals his twenty-four month sentence for felony reentry in violation of 8 U.S.C. §§ 1326(a), 1326(b)(1).  He contends the district court: 1) erred procedurally by double-counting his past convictions; and 2) rendered a substantively unreasonable sentence when it arbitrarily departed upwards from the Sentencing Guideline range. Because Velazquez-Gonzalez's contentions lack merit, we affirm.

I.

On May 15, 2013, authorities found Velazquez-Gonzalez, a Mexican national, in the United States after having been deported subsequent to a felony conviction of illegal reentry.  A grand jury

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

in the Western District of Michigan indicted him on a single count of being found in the United States subsequent to a felony conviction and deportation in violation of 8 U.S.C. §§ 1326(a), 1326(b)(1). Velazquez-Gonzalez pled guilty to the charge without a plea agreement.

Following the plea, the U.S. Probation Office prepared a presentence report. The report calculated the defendant's offense level at ten and his criminal history category at III, resulting in a Guideline range of ten to sixteen months. The report noted that, given the number of unscored prior immigration offenses, the court may want to depart upward to reflect accurately the seriousness of the defendant's criminal history. Defendant did not object to the report.

Prior to sentencing, defendant filed a sentencing memorandum requesting a sentence within the advisory Guideline range. The government sought an upward departure under U.S.S.G. § 4A1.3, which allows departures when the criminal history category under-represents the seriousness of the crime or the likelihood the defendant will commit other crimes.

On February 24, 2014, the district court conducted the sentencing hearing. The court stated it was going to depart upward on the defendant's offense level and criminal history category, resulting in an adjusted Guidelines sentence of twenty-four months. The court began its explanation by stating it would consider the § 3553(a) factors, including the seriousness of the offense, the recidivism risk for both the defendant and the general public, the cost of this kind of wrongdoing, and the need to protect the public.

The district judge stated that the main feature of the defendant's case was the recidivism risk. The court noted it had sentenced the defendant for the same crime in that very courtroom only two years earlier. At that time, the district judge advised the defendant that if he were caught again the sentence would be even higher.

The court also pointed out that the presentence report had not included in the criminal history computation two prior illegal entry convictions. In total, the defendant had three immigration-related federal convictions for the same crime. The district judge stated, "I can't think of too many cases I've had in this kind of a context that present a more compelling picture of recidivist risk." (J.A. at 13). The prior unscored convictions, coupled with the defendant's new illegal reentry offense, prompted the court to conclude the Guideline computation in the Presentence Report understated the defendant's criminal history. The court therefore increased the criminal history category from a III to IV.

The court then assessed which offense level to apply, stating it would follow the provisions of U.S.S.G. § 2L1.2, cmt. n.7. The court noted the defendant's prior illegal reentry conviction offense was not as serious as an aggravated felony or drug offense. However, because the offense was "the very same wrongdoing" the defendant had previously committed, the court enhanced the defendant's offense level by six points instead of only four. (J.A. at 14).

Based on the adjustments, the defendant's Guidelines range was twenty-one to twenty-seven months. The court selecting a twenty-four month incarceration period.

After discussing the guidelines, the court engaged in what it termed "zero-based sentencing." (*Id.*). Under that approach, the court explained that it would have reached the same incarceration period regardless of the guidelines recommendation.

The court highlighted once more that the recidivism risk and deterrent interests were "front and center" to the case. (*Id.*). Even with another conviction, the defendant's recidivism risk was high because his wife and children still live in Michigan, presenting a strong draw for the defendant to take the risk of illegal reentry yet again.

In addition, all of the defendant's arguments in favor of a lighter sentence were identical to those he had offered during the sentencing hearing for his last charge. At the prior hearing, the defendant also promised he would find construction work in Mexico and move his wife and children closer to the border in Texas. But, "although [the defendant] had a chance to make good on that" after his prior conviction, "[h]e made the choice to come back... and break the law again." (J.A. at 16). Importantly, the defendant had "violat[ed] the drug laws of the State of Michigan as well... [adding] further seriousness and risk to the equation." (J.A. at 17).

## II.

### A.

We review criminal sentences for procedural and substantive reasonableness under a deferential abuse of discretion standard. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007). When a defendant fails to object to a procedural error in the district court, he forfeits the error and subjects it to plain error review. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Under the plain error review standard, "sentences are reversed only in 'exceptional circumstances... where the error is so plain that the trial judge... [was] derelict in countenancing it.'" *United States v. Simmons*, 587 F.3d 348, 365 (6th Cir. 2009) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

### B.

Defendant contends the district court committed procedural error by double counting his past convictions to increase the offense level and criminal history category. We disagree.

Where, as here, the defendant fails to object to an alleged procedural error in the district court, he must show: "(1) an error occurred in the district court; (2) the error was obvious or clear;

(3) the error affected defendant's substantial rights; and (4) this adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Gardiner*, 463 F.3d at 459 (quoting *United States v. Emuegbunam*, 268 F.3d 377, 406 (6th Cir. 2001)).

The defendant, alleging only that the district court double counted his past convictions, has not shown the district court committed an obvious or clear error. Impermissible "double counting" occurs only "when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1999). But a district court does not engage in "double counting" simply by using some of the same factors to justify an upward variance in both the offense level and the criminal history category. *United States v. Lanning*, 633 F.3d 469, 478 (6th Cir. 2011).

In varying the defendant's offense level upwards, the court focused on the seriousness of the defendant's prior illegal entry conviction. It based its analysis on U.S.S.G. § 2L1.2, cmt. n.7, which instructs that a "departure may be warranted" when "the applicable offense level substantially understates or overstates the seriousness of a prior conviction." The court found the offense level understated the defendant's prior convictions because the defendant had "committed the very same wrongdoing" on this occasion. Thus, instead of a four-level increase as indicated for a simple felony in § 2L1.2(b)(1)(D), the judge increased the offense level by six.

When assessing the defendant's criminal history category, however, the court focused on a different aspect of the defendant's prior convictions: namely, the role they played in creating "a compelling picture of recidivist risk." The court highlighted not the seriousness of the past offenses, but rather their frequency and that two of those convictions had gone unscored in the initial criminal history category calculation. As a result, the court concluded it had "substantial grounds to believe

that there is an understatement of criminal history from the perspective of the likelihood of other similar recidivist misconduct," and raised the defendant's criminal history category to IV. Because the court justified each departure on distinct grounds, it did not double count precisely the same aspect of the defendant's past convictions.

Nevertheless, even if the district court had erred, the defendant has presented no evidence suggesting the error affected his substantial rights by causing the court to impose a more severe sentence. *United States v. Oliver,* 397 F.3d 369, 379 (6th Cir. 2005) (a sentencing error affects substantial rights when it alters the outcome of the case by causing the court to impose a more severe sentence).

Quite the contrary. The court explained it would have reached the same decision regardless of the Guidelines due to the defendant's high recidivism risk and need to vindicate a strong deterrent interest. The defendant not only had multiple convictions for the same crime, but also failed to follow through with any of his promises (i.e., finding a construction job in Mexico and moving his family closer to the border) that he had made the last time he was before the district court judge. The State of Michigan had also recently convicted the defendant for illegal drug possession.

Finally, the defendant has not provided any reasons that a possible error created a "serious impact on the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 380.

Defendant's objection to his sentence on procedural grounds therefore lacks merit and cannot survive plain error review.

C.

Defendant also claims the district court rendered a substantively unreasonable sentence by arbitrarily selecting a twenty-four month incarceration period without explaining why a shorter sentence was not enough to provide deterrence. This contention also lacks merit.

The substantive reasonableness of a sentence is reviewed under the abuse-of-discretion standard, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). "If the sentencing judge elects 'an outside-Guidelines sentence... he [or she] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010) (quoting *Gall,* 552 U.S. at 50). On review, we give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Here, the district court explained how the § 3553(a) factors justified the variance from the base Guidelines range. Specifically, the court considered the defendant's history of drug abuse; extensive criminal background, including multiple unscored illegal entry convictions; high recidivism risk; and the need for deterrence.

The defendant is correct that the district court did not address the precise question of why "10 or 16 months or some sentence between 16 and 24 months was not enough to provide deterrence." The district court, however, "is not required to 'give the reasons for rejecting any and all arguments [made] by the parties for alternative sentences.'" *United States v. Lapsins,* 570 F.3d 758, 773 (6th Cir. 2002) (quoting *Vonner,* 516 F.3d at 387).

Because the district court provided a reasoned basis for its sentence, in keeping with the § 3553(a) factors, it did not abuse its discretion, and the defendant's substantive reasonableness challenge fails.

III.

For these reasons, we affirm.