NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0196n.06

No. 22-3641

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Apr 26, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| SHON L. THOMPSON, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | OPINION |
| | ) | |

Before: BOGGS, LARSEN, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Shon Thompson pleaded guilty to distributing fentanyl. Consistent with his plea agreement, the government recommended a within-Guidelines sentence. But the court varied upward, imposing an above-Guidelines sentence. In doing so, the court considered several factors, including Thompson's criminal history. Thompson appeals his sentence as procedurally and substantively unreasonable. He argues that the court impermissibly relied on his criminal history in varying upward. We disagree and affirm.

**I.**

Shon Thompson was arrested after he twice sold heroin and crack cocaine to confidential informants. Laboratory tests confirmed that the substances Thompson sold contained 0.1 grams of heroin and fentanyl; 0.13 grams of cocaine; 0.299 grams of fentanyl; and 0.324 grams of cocaine base. Thompson had a long criminal history before his most recent arrest. And at the time of his arrest, he had other charges pending for trafficking cocaine and a fentanyl-related compound.

This time around, Thompson was indicted on four counts of distributing cocaine, cocaine base, and fentanyl. He ultimately pleaded guilty to two counts of distributing a mixture containing fentanyl under 21 U.S.C. §§ 841(a)(1) and (b)(1)(CAs part of the plea agreement, the government agreed to recommend that the court impose a within-Guidelines sentence, but Thompson "underst[ood] that the recommendations of the parties [would] not be binding upon" the district court. (R. 10, Plea Agreement, at Page ID 40) Based on Thompson's total offense level of 10 and criminal history category of VI, the Probation Department calculated his Guidelines range as 24 to 30 months.

At sentencing, the government asked the district court to impose the agreed-upon within-Guidelines sentence. Thompson told the court that he was "ready to accept responsibility and do what [he had] to do to come home" and asked the court to "take a chance on [him]." (R. 25, Sentencing Hearing, at PageID 152) The court noted Thompson's criminal history and expressed doubt that he was likely to reform. The court said that Thompson had "gotten any number of second chances" and was likely to "spend most of [his] life in prison." (*Id.* at PageID 147) So the court varied upward and gave Thompson an above-Guidelines sentence of 39 months.

Before imposing a sentence, the court noted that it had "carefully considered the matter under [18 U.S.C. § ] 3553(a)." (*Id.* at PageID 156) The court counted in Thompson's favor the fact that he had taken classes while incarcerated. But weighing against those mitigating factors, it also acknowledged Thompson's "capacity for violent, aggressive and threatening behavior while in custody." (*Id.* at PageID 157) The court next went through a detailed account of his family history and relationships, which did not "warrant any kind of downward variance." (*Id.* at PageID 161,; *see id.* at PageID 157–59) As for Thompson's desired treatment of his own opioid use, the

court noted that he was "referred to treatment in the past," but that he "failed to attend." (*Id.* at PageID 159)

And the court elaborated that the circumstances of Thompson's offense warranted an upward variance. These circumstances included the dangerous nature of fentanyl and Thompson's history of violent crimes and selling fentanyl. His criminal convictions as an adult included "robbery, carrying a concealed weapon, kidnapping, burglary, possession of marijuana, possession of heroin, possession of cocaine, obstructing official business, trafficking in cocaine, trafficking in fentanyl-related compounds, [and] receiving stolen property." (*Id.* at PageID 157) The court also stated that Thompson's decision to continue trafficking fentanyl, a "highly addictive and dangerous substance," even after charges were filed against him, justified an upward variance. (*Id.* at PageID 159, 161) The court also considered sentencing disparities in varying upward, observing that for "offenders who received a sentence of imprisonment in whole or in part, the average length of imprisonment was 39 months." (*Id.* at PageID 159)

Both Thompson and the government objected to the above-Guidelines sentence at the hearing. Thompson timely appealed.

## II.

We generally review claims of procedural and substantive unreasonableness for an abuse of discretion—whether the sentence is within or outside the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). Defendants need not raise a substantive-reasonableness claim to preserve it for appeal. *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008). But they must raise procedural-reasonableness claims below. *Id.* Otherwise, plain-error review applies. Under that standard, there must be (1) "error," (2) that is "plain," (3) that "affects substantial rights," and

(4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (cleaned up).

Plain-error review applies here. Although Thompson objected "as to the upward variance" at sentencing, that was not enough. (R. 25, Sentencing Hearing, PageID 164) To preserve an objection on procedural-reasonableness grounds, a defendant must provide a "clear articulation of any objection and the grounds therefor" at sentencing. *United States v. Bostic*, 371 F.3d 865, 873 (6th Cir. 2004). And we "require[] the application of plain-error review to procedural claims like this one, where a party answers the *Bostic* question in the affirmative, but at such a high degree of generality that the district court has no opportunity to correct its purported error and the court of appeals has been deprived of a more detailed record to review." *United States v. Simmons*, 587 F.3d 348, 358 (6th Cir. 2009); *see United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc).

Unlike Thompson's procedural-reasonableness claim, he did not have to "preserve [his] substantive-reasonableness claim for appellate review." *United States v. Taylor*, 800 F.3d 701, 713 (6th Cir. 2015) (citation omitted). So we review that claim for an abuse of discretion. *Id.*

### A.

We first review the procedural reasonableness of Thompson's sentence. *Gall*, 552 U.S. at 51. Thompson argues that his sentence was procedurally unreasonable because the court failed to adequately consider the 18 U.S.C. § 3553(a) factors and did not adequately explain its decision. A sentence is unreasonable when "the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration."

*United States v. Richardson*, 437 F.3d 550, 553 (6th Cir. 2006) (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)). That's not what happened here.

Thompson claims that the only factor that the court used to justify its upward variance was his criminal history. But other factors informed its decision. These included Thompson's willingness to distribute drugs while under indictment. The court considered the interest in "adequate deterrence [to] protect the public." (R. 25, Sentencing Hearing, at PageID 159) And it found that "the defendant was trafficking [a] highly addictive and dangerous substance, that being fentanyl," and that the "seriousness of the offense" justified an upward variance. (*Id.*) The district court also considered as mitigating factors the defendant's difficult upbringing and family background, as well as his willingness to take classes while incarcerated, but did not find these sufficient to overcome the aggravating factors.

And the court expressly considered sentencing disparities. The court noted that the mean length of imprisonment for similar offenders was 39 months, and the median length was 30 months, "the high end of the guidelines here without a variance." [1]

Thompson also claims that the court double counted his conduct by focusing too much on his criminal history. And he reasons that the court's double counting was impermissible.

Impermissible double counting occurs "when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." *United States v. Duke*, 870 F.3d 397, 404

---

[1] Thompson seems to object to the court's consideration of mean sentences in its evaluation of sentencing disparities, though the exact nature of his argument is unclear. Because the use of the median is not affected by potential skews in the distribution of sentences, he claims that it is the "true" average sentence length. (Appellant Br. at Page 9) But we have regularly considered both mean and median sentences when assessing reasonableness. *See, e.g.*, *United States v. Boucher*, 937 F.3d 702, 713 (6th Cir. 2019); *United States v. Stock*, 685 F.3d 621, 630 (6th Cir. 2012). If Thompson invites us to find error in the court's consideration of mean sentences in coming to its final decision, we decline to do so.

(6th Cir. 2017) (citation omitted). Here the court considered Thompson's history in deciding to vary upward in his offense level. But we have found that even where a district court "us[es] some of the same factors to justify an upward variance in both the offense level and the criminal history category," it "does not engage in 'double counting.'" *United States v. Velazquez-Gonzalez*, 595 F. App'x 550, 553 (6th Cir. 2014) (citing *United States v. Lanning*, 633 F.3d 469, 478 (6th Cir. 2011)).

At the end of the day, "a district court neither commits procedural error, nor pronounces a substantively unreasonable sentence, simply because, in evaluating the 18 U.S.C. § 3553(a) factors, it considers, as one component of its decision to vary upward from the Guidelines, conduct that also factored into calculating the Guidelines range." *United States v. Trejo*, 729 F. App'x 396, 399 (6th Cir. 2018) (collecting cases). So the court did not impermissibly double count when it used Thompson's criminal history to justify an upward variance. *See Lanning*, 633 F.3d at 478.

## B.

We next review the substantive reasonableness of Thompson's sentence. *Gall*, 552 U.S. at 51. In determining whether a sentence is substantively reasonable, we consider the "totality of the circumstances, including the extent of any variance from the Guidelines range." *Adams*, 873 F.3d at 517 (citation omitted). And while a within-Guidelines sentence is presumed reasonable, "we cannot presume that a sentence outside the Guidelines is unreasonable." *United States v. Ushery*, 785 F.3d 210, 223 (6th Cir. 2015). For a sentence outside the Guidelines, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*. at 223–24 (quoting *Gall*, 552 U.S. at 51).

Substantive reasonableness focuses on whether a "sentence is too long (if a defendant appeals) or too short (if the government appeals)." *United States v. Rayyan*, 885 F.3d 436, 442

(6th Cir. 2019). "It's a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.*

Thompson provides little more than a conclusory assertion that his sentence was substantively unreasonable because the court improperly evaluated the 18 U.S.C. § 3553(a) factors and varied upward just because of Thompson's criminal history. (Appellant Br. at Page 10–11) But as we have already observed, the district court considered the sentencing factors at length, including both aggravating and mitigating factors. And while the district court emphasized Thompson's criminal history, it also relied on the fact that Thompson trafficked drugs while under a separate indictment, the deterrence interests, and the particularly dangerous nature of fentanyl. On that note, the court did not commit reversible error by attaching "great weight" to a few sentencing factors. *United States v. Robinson*, 892 F.3d 209, 214 (6th Cir. 2018) (quoting *Gall*, 552 U.S. at 57). And we cannot overturn a sentence simply because we would balance the factors differently than the district court did. *United States v. Gardner*, 32 F.4th 504, 532 (6th Cir. 2022).[2]

One more thing. Though the court's use of Thompson's criminal history was not *procedurally* unreasonable, we have considered whether a district court's use of criminal history to justify an upward variance may be *substantively* unreasonable. But "[w]e have consistently rejected defendants' arguments that a district court cannot impose upward variances based on

---

[2] Thompson also faults the district court for failing to note that less than 1% of drug cases in our Circuit result in above-Guidelines sentences. (Appellant Br. at Page 9 n.2) In imposing a sentence, the court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Thompson does not attempt to show that all those convicted of drug crimes in our circuit are similarly situated to him, so this argument is unconvincing.

criminal history, simply because the Guidelines calculation already accounts for criminal history as a factor." *United States v. Dunnican*, 961 F.3d 859, 881 (6th Cir. 2020) (collecting cases).[3]

And regardless, the district court relied on other factors besides Thompson's criminal history to support an upward variance. Along with the defendant's history, it addressed "the seriousness of the offense" as well as the need to provide "adequate deterrence measures" and to "protect the public." 18 U.S.C. § 3553(a)–(b). So we do not find the consideration of Thompson's criminal history substantively unreasonable.

Because the district court acted within its discretion in sentencing Thompson, we decline to disturb his sentence.

### III.

For the reasons above, we affirm Thompson's sentence.

---

[3] It is true that where "no uniquely problematic criminal history demonstrates a specific need for deterrence beyond that already captured by the guidelines," we have found that district courts must find "some meaningful relationship between the offense of conviction and the defendant's alleged likelihood of reoffending." *United States v. Lee*, 974 F.3d 670, 677 (6th Cir. 2020).

But Thompson has a "uniquely problematic criminal history"—having drug trafficked while awaiting another drug-trafficking trial. *Id.* The district court also worried about Thompson's lengthy criminal history and that he has continued to reoffend despite previous periods of incarceration. The court therefore linked Thompson's sentence not only to his drug trafficking conviction but to the possibility that he would reoffend. This was a permissible consideration of the defendant's criminal history in applying the Guidelines. *Cf. United States v. Robinson*, 892 F.3d 209, 214 (6th Cir. 2018) (upholding the defendant's drug trafficking sentence where "the district court concluded [that] Robinson had proven over many, many, many years that he would continue to distribute opioids absent a very long period of incarceration") (cleaned up).